**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
YINET SANTOS,

                                             Plaintiff,        COMPLAINT

          -against-

                                                             ECF CASE

THE HOLIDAY INN EXPRESS HOTEL
IN 45TH STREET d/b/a the MAGNA
HOSPITALITY GROUP, L.C,
and YALILA ATARITLUA, individually,

                                            Defendants.
-----------------------------------------------------------------------------X

Plaintiff Yinet Santos ("Santos" or "Plaintiff") by her attorneys, The Law Offices of Jacob Aronauer, complaining of The Holiday Inn Express Hotel in 45th Street (the "Holiday Inn 45th Street") d/b/a the Magna Hospitality, Group, L.C. ("Magna Group") and Yalila Ataritlua ("Ataritlua"), individually (collectively the "Defendants"), alleges the following:

### PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL that occurred at the Holiday Inn 45th Street owned and operated by the Magna Group.

2. Plaintiff also brings this action to remedy violations of the retaliatory provisions of the FLSA and NYLL by Defendants who have sought to deprive Plaintiff of her right to engage in protected activity under the FLSA and NYLL.

3. Specifically, Plaintiff's immediate supervisor Ataritlua ("Ataritlua") at the Holiday Inn 45th Street and the Magna Group retaliated against Plaintiff by mistreating and ultimately demoting Plaintiff when Plaintiff complained of not being paid for the overtime work she performed.

4. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

5. Plaintiff further brings this action to remedy discrimination on the basis of race and national origin for her opposition to unlawful practices in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y. Exec. Law § 296 et seq. ("NYSHRL"); and the Administrative Code of the City of New York § 8-107 et seq. ("NYCHRL").

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217, and 28 U.S.C. § 1337.

7. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PROCEDURAL PREREQUISITES

9. Plaintiff has exhausted all administrative remedies. In March 2016, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSHR"). On or about July 6, 2016, Plaintiff received a right to sue letter from the NYSDHR.

## PARTIES

10. Plaintiff resides in Ridgewood, New York. Plaintiff is originally from the Dominican Republic.

11. Defendant Magna Hospitality Group, L.C. is a foreign business corporation with its principal executive office in Warwick, Rhode Island.

12. At all times relevant to this action, the Magna Hospitality Group, L.C. was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e-5, NYHRL § 292.

13. At all times relevant to this action, the Defendant Magna Hospitality Group, L.C. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Defendant Magna Hospitality Group, L.C. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. On information and belief, Defendant Yalia Ataritlua is a resident of Queens, New York.

16. Ataritlua is originally from Ecuador.

## FACTS

17. The Holiday Inn operates under the Magna Group, L.C.

18. Plaintiff has worked at the Holiday Inn from 2005 until the present.

19. In 2005, Plaintiff interviewed for the position of full time housekeeper at the Holiday Inn 45th Street.

20. Plaintiff did not interview with Defendant Ataritlua for the position of housekeeper.

21. At the time Plaintiff interviewed and was hired for the position of housekeeper at the Holiday Inn, Ataritlua was not employed at the Holiday Inn 45th Street.

22. In 2007, the Holiday Inn 45th Street promoted Plaintiff to part-time assistant supervisor and she began performing both supervisory and housekeeping duties.

23. Each week, Plaintiff performed approximately 24 hours of housekeeping duties and 16 hours of supervisory duties.

24. As part of this promotion, Plaintiff received a higher rate of pay when she performed her supervisory duties.

25. In 2013, Plaintiff had an accident at work. This resulted in Plaintiff suffering 3 damaged disks.

26. In November 2014, Ataritlua became the manager of housekeeping at the Holiday Inn 45th Street.

27. As the manager of housekeeping, Ataritlua was Plaintiff's immediate supervisor.

28. In February or March 2015, Ataritlua made derogatory comments about Dominicans to Plaintiff. Specifically, Ataritlua stated to Santos that "Dominicans don't understand and don't know how to speak and that they speak too loudly."

29. Abraham Lugo is another housekeeper at the Holiday Inn 45th Street. Like Santos, Mr. Lugo is originally from the Dominican Republic.

30. On information and belief, Mr. Lugo made a formal complaint against Ataritlua alleging that Ataritlua discriminated against him because he is Dominican.

31. From January 2015 through March 2016, Ataritlua required Plaintiff to work an additional 2 hours of overtime each week but took steps to ensure that Plaintiff was not paid for her labor.

32. To ensure that Plaintiff would not be paid time and one half, Ataritlua instructed Plaintiff to performed these additional duties either before "clocking in" or work after "clocking out."

33. Ataritlua made Plaintiff perform this additional work without compensation for her labor because of her race and national origin.

34. During the time period that Plaintiff worked overtime and was not paid for her additional labor, her wage statements did not accurately reflect her rate of pay nor did they accurately reflect the hours she worked.

35. In June 2015, Plaintiff lodged a complaint to human resources that she was not being paid for working the two additional hours of overtime each week.

36. On information and belief, after Plaintiff's complaint to human resources, Ataritlua was spoken to by her supervisors and the Magna Group's human resources department. On information and belief, they instructed Ataritlua not to assign Plaintiff any work for which Ataritlua knew that Plaintiff would not be paid.

37. Following Plaintiff's complaint to human resources that she was being assigned overtime work but not being paid for her labor, Plaintiff began to be paid for all overtime work. Plaintiff was paid for all overtime work performed from approximately June 2015 until February 2016.

38. While Plaintiff was finally paid by the Holiday Inn for overtime work performed, but Plaintiff suffered retaliation at the hands of Ataritlua. After Plaintiff complained to human

resources that she was not paid for her labor, Ataritlua began assigning Santos extra assignments, gave her less personnel help when Santos was working as the supervisor, and assigned Santos more physically intensive tasks.

39. Ataritlua assigned Plaintiff more physically intensive tasks (along with the other retaliatory tasks) in retaliation for Plaintiff's protected activity (the lodging a complaint with human resources with respect to being assigned overtime work but not being compensated) even though she knew that Plaintiff was suffering from a bad back.

40. The overall actions of Ataritlua created a hostile work environment against Santos. Ataritlua engaged in these tasks because of Plaintiff's national origin as well as the fact that Plaintiff complained that she was required to work overtime but that she was not paid for this additional work.

41. On information and belief, Ataritlua has been counseled by the Magna Group's human resources department with respect to her discriminatory and retaliatory behavior toward both Santos and Mr. Lugo but was never formally disciplined.

42. In February 2016, Plaintiff had surgery on her back and left work for approximately one month.

43. Upon return to work in March 2016, Plaintiff found out that she was demoted. Specifically, Defendants relieved Plaintiff of all her supervisory duties and the higher rate of pay that she received for performing this work.

44. In other words, Plaintiff right was back where she started at the 45th Street Holiday Inn: a housekeeper.

45. Defendants demoted Plaintiff for engaging in protected activity—specifically complaining to human resources that she was not being paid for overtime work performed.

## FIRST CAUSE OF ACTION
## SECTION 1981: Race Discrimination under Section 1981
### (Against all Defendants)

46. Plaintiff re-alleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. By the acts and practices described above, including creating a hostile work environment for Plaintiff, Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of Section 1981.

48. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

49. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

## SECOND CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW
### (Against all Defendants)

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraph as if set forth fully herein.

51. Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her national origin and race, in violation of the New York Human Rights Law, N.Y. Exec. Law § 290, et seq.

52. Defendants subjected Plaintiff to a severe and pervasive hostile work environment.

53. Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

54. As a result of Defendants' discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

**THIRD CAUSE OF ACTION**
**NEW YORK CITY HUMAN RIGHTS LAW**
**(Against all Defendants)**

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56. Defendants discriminated against Plaintiff in the terms and condition of her employment on the basis of her race and national origin in violation of New York City Human Rights Law, the Administrative Code of the City of New York § 8-101 et seq.

57. Defendants subjected Plaintiff to a severe and pervasive hostile work environment.

58. Defendants violated the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

59. As a result of Defendants' discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

**FOURTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
**SUPERVISOR LIABILITY**
**(Against the Magna Hospitality Group, L.C.)**

60. Plaintiff re-alleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. New York City Administrative Code Title § 8-107(13) employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
  (1) the employee or agent exercised managerial or supervisory responsibility; or
  (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
  (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

62. Defendant Magna Hospitality, Group L.C. knew or should have known of the discriminatory acts inflicted on Plaintiff by their agents, based on Plaintiff's national origin and race, and as a result of Defendants' discriminatory acts, Plaintiff suffered lost wages, pain and suffering and severe emotional distress.

**FIFTH CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Against all Defendants)**

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per work week.

65. At all relevant times throughout her employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

66. At all relevant times throughout Plaintiff's employment, Defendants have willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

67. Defendants' decision not to pay overtime was willful.

68. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Against all Defendants)

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

71. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

72. Defendants' failure to pay required overtime was willful.

73. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

### SEVENTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of the FLSA § 215(a)(3))
### (Against all Defendants)

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. 29 U.S.C. § 215(a)(3) makes it unlawful for an employer "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceedings under or related to this chapter [of the FLSA]."

76. Defendants demoted Plaintiff in response to Plaintiff complaining to human resources that she was being required to work overtime but that she was not being paid for her labor.

77. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

78. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

79. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
### Unlawful Retaliation in Violation of NYLL § 215(1)(A)
### (Against all Defendants)

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) because such

employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

82. Defendants demoted Plaintiff in response to Plaintiff complaining to human resources that she was being required to work overtime but that she was not being paid for her labor.

83. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer, monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

84. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

85. By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

86. By the foregoing reasons, Plaintiff seeks such equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at arbitration, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### NINTH CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law
### (Against All Defendants )

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all relevant times, Plaintiff was an "employee" within the meaning of the New York Labor Law. Similarly, at all relevant times, Defendants were "employers" within the meaning of the New York Labor Law.

89. Defendants failed to pay Plaintiff her earned wages for the periods of time and in the manner as set forth above.

90. Defendants' failure to pay Plaintiff her earned wages was willful and not based on any good faith belief of compliance with New York Labor Law § 663, et seq.

91. As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law 663§§ *et seq.*, and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Against all Defendants)**

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

94. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

95. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the entry of an order and judgment against Defendants Magna Hospitality Group, L.C. and that judgment be granted awarding Plaintiff:

A. Unpaid wages pursuant to the NYLL and the supporting New York State Department of Labor Regulations, and an additional and equal amount as liquidated damages pursuant to the NYLL;

B. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday starting December 29, 2014 that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

D. Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workweek starting December 29, 2014 that Defendants

failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

E. Declare the acts and practices complained of herein to be violations of Section 1981, the Executive Law and the City;

F. Award Plaintiff damages to make her whole for all earnings she would have received but for Defendants' discriminatory treatment, including, but not limited to, wages, retirement benefits, health care coverage and other lost benefits including future lost wages and benefits;

G. Award Plaintiff compensatory damages for mental anguish, emotional distress, humiliation and damage to reputation;

H. Compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

I. Punitive damages;

J. Prejudgment and post-judgment interest;

K. Reasonable attorneys' fees, costs and expenses in the prosecution of this action;

L. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, *et seq*. and that the Defendants discriminated against Plaintiff on the basis of race and national origin, together with harassment on the basis of these aspects;

M. Declaring that Defendants engaged in unlawful retaliation prohibited by the Fair Labor Standards Act and New York Labor Law;

N. Such other further legal and equitable relief as the Court deems just and proper to remedy the Defendants' unlawful employment practices.

Dated: September 4, 2016
      New York, New York

                               **THE LAW OFFICES OF JACOB ARONAUER**

By:       */s/ Jacob Aronauer*
             Jacob Aronauer (JA: 9184)
             225 Broadway, Suite 307
             New York, NY 10007
             Telephone: (212) 323-6980
             Facsimile: (212) 233-9238
             jaronauer@aronauerlaw.com
             *Attorney for Plaintiff*