

**Littler Mendelson, PC**
900 Third Avenue
New York, NY 10022.3298

Houston A. Stokes
212.583.2688 direct
212.583.9600 main
212.832.2719 fax
hstokes@littler.com

June 9, 2017

**VIA ECF AND FEDEX**

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

    Re:    Yinet Santos v. MHG-45, L.L.C., et al.,
            Case No. 16-CV-6947

Dear Magistrate Judge Gorenstein:

I write on behalf of Defendant MHG-45, L.L.C. ("Defendant") to request a pre-motion conference pursuant to Local Rule 37.2 to make a motion for sanctions.

In particular, pursuant to Federal Rule of Civil Procedure 37, Defendant requests sanctions against Plaintiff Yinet Santos ("Plaintiff") and Plaintiff's Counsel, Jacob Aronauer, Esq. ("Mr. Aronauer"), as follows:

- Defendant's attorney's fees with respect to its letter motion (Doc. 36) before the Court to obtain the Court Order dated May 3, 2017 (Doc. 41) requiring Plaintiff to provide written discovery responses and produce documents.

- Defendant's reasonable expenses, including attorney's fees and court reporter/videographer fees, caused by Plaintiff's failure to appear for her June 1, 2017 deposition.

- Defendant's attorney's fees with respect to the instant letter motion.

Defendant also requests an order providing a forty-five (45) day extension of the date by which Defendant may complete fact discovery.

**Statement of Facts**

On February 9, 2017, District Judge Paul G. Gardephe entered an Order which provided that "the parties must complete <u>fact</u> discovery no later than May 5, 2017." (Doc. 25). The Order also provided that "Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production." (*Id.*).

Honorable Gabriel W. Gorenstein
June 9, 2017
Page 2

On February 16, 2017, Houston A. Stokes, Esq. ("Mr. Stokes"), counsel for Defendant, served Defendant MHG-45, L.L.C.'s First Set of Document Requests To Plaintiff and Defendant MHG-45, L.L.C.'s First Set of Interrogatories To Plaintiff on Mr. Aronauer. (Doc. 36-1; 36-2). On March 8, 2017, Mr. Stokes served Defendant's Notice of Deposition of Plaintiff Yinet Santos on Mr. Aronauer. (Doc. 36-3). Defendant's Notice of Deposition scheduled Plaintiff's deposition for April 14, 2017. (*Id.*). Plaintiff failed to respond to written discovery and produce documents. Thus, pursuant to Judge Gardephe's February 9, 2017 Order, Defendant could not move forward with Plaintiff's noticed deposition.

On April 11, 2017, Defendant filed a letter motion seeking an order directing Plaintiff to provide written discovery responses and produce documents.[1] (Doc. 36). On May 3, 2017, Your Honor entered an Order directing Plaintiff to provide written discovery responses and produce documents by May 10, 2017. (Doc. 41). Your Honor's May 3, 2017 Order also extended the fact discovery deadline until June 4, 2017. (*Id.*).

On May 10, 2017, some 83 days after Defendant served written discovery, Plaintiff provided written discovery responses and produced documents. On May 16, 2017, Mr. Stokes emailed Mr. Aronauer to reschedule Plaintiff's deposition. (Email Chain #1 attached as Exhibit 1). Mr. Stokes' email proposed May 25, May 26, May 31, June 1 or June 2 for Plaintiff's deposition. (*Id.*). Mr. Aronauer did not respond. On May 19, 2017, Mr. Stokes emailed Mr. Aronauer again to reschedule Plaintiff's deposition. (*Id.*). Later that day, Mr. Aronauer emailed Mr. Stokes as follows: "I have issues with your discovery responses which need to [sic] rectified before I can allow Ms. Santos to be deposed." (*Id.*). Defendants served written discovery responses on April 10, 2017 and Mr. Aronauer has never brought up any specific "issues" with Defendants' responses.

In light of the June 4, 2017 fact discovery deadline, Mr. Stokes served an Amended Notice of Deposition of Plaintiff Yinet Santos on May 22, 2017. (Amended Notice of Deposition of Plaintiff Yinet Santos attached as Exhibit 2). Defendant's Amended Notice of Deposition notified Plaintiff that her deposition would take place on June 1, 2017. (*Id.*). On May 25, 2017, Mr. Aronauer emailed Mr. Stokes as follows: "You have not given me sufficient notice—June 1st is not realistic and against the FRCP rules." (Email Chain #2 attached as Exhibit 3). On May 31, 2017, Mr. Stokes emailed Mr. Aronauer as follows: "Plaintiff Santos' deposition was properly noticed for June 1. We intend to move forward with the deposition." (*Id.*).

On June 1, 2017, Plaintiff failed to attend her properly noticed deposition. (*See* June 1, 2017 Deposition Transcript attached as Exhibit 4). Rather than attend her deposition, Plaintiff worked a shift at the Holiday Inn Express located at 15 West 45th Street, New York, NY (the "Hotel") on June 1, 2017. (*See* Plaintiff's Timecard attached as Exhibit 5). Defendant is responsible for managing the operations of the Hotel and would have let Plaintiff out of work to

---

[1] Defendant's good faith efforts to resolve Plaintiff's failure to participate in discovery are set forth in Defendant's April 11, 2017 letter motion. (*See* Doc. 36).

Honorable Gabriel W. Gorenstein
June 9, 2017
Page 3

attend her deposition. In other words, Plaintiff was available for her noticed June 1, 2017 deposition.[2]

**Argument**

An award of attorney's fees under Rule 37 does not require a showing of bad faith. *See*, *e.g.*, *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 379 (S.D.N.Y. 2011) (citing cases). Defendant seeks reimbursement for its attorney's fees pursuant to Rule 37(a)(5) on the grounds that it was required to make a letter motion to compel Plaintiff's written discovery responses and document production. In response to Defendant's letter motion, Mr. Aronauer filed a letter which provided in pertinent part as follows: "I am at fault for not timely responding to Defendants' document responses." (Doc. 39). Accordingly, Defendant is entitled to an award of attorney's fees with respect to its letter motion (Doc. 36) to obtain the Court Order dated May 3, 2017 (Doc. 41) requiring Plaintiff to provide written discovery responses and produce documents. *See Adrian Shipholding Inc. v. Lawndale Group S.A.*, 2012 U.S. Dist. LEXIS 4234, at *25-26 (S.D.N.Y., Jan. 13, 2012) (Gorenstein, J.) (issuing a Report and Recommendation, in which Your Honor recommended that the Court, *inter alia*, award, after a presentation of a statement of fees, expenses for the motion practice before the Court to obtain a Court Order directing the production of documents).

Rule 37(d) provides that a court has the power to order sanctions when "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Pursuant to this Rule, a court may award a variety of sanctions but "must" require the recalcitrant party or its attorney or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Furthermore, "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Plaintiff did not file a motion for a protective order. Moreover, "it is well-established . . . that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 2014 U.S. Dist. LEXIS 35843, at **12 (S.D.N.Y. Mar. 18, 2014) (Gorenstein, J.) (citing *Blauinsel Stiftung v. Sumitomo Corp.*, 2001 U.S. Dist. LEXIS 20746, 2001 WL 1602118, at *7 (S.D.N.Y. Dec. 14, 2001) ("[A] finding of bad faith is not a prerequisite to the imposition of sanctions under Rule 37(d).")). Rather, it is sufficient here that Defendant has shown that Plaintiff improperly refused to appear for her deposition and caused Defendant to incur unnecessary expenses. Accordingly, Defendant is entitled to an award of reasonable expenses, including attorney's fees and court reporter/videographer fees, caused by Plaintiff's failure to attend her

---

[2] Plaintiff also worked at the Hotel on May 25, May 26 and May 31 – three dates Mr. Stokes proposed for Plaintiff's deposition. (*See* Exs. 1 and 4). Thus, Plaintiff was also available to be deposed on those dates.

Honorable Gabriel W. Gorenstein
June 9, 2017
Page 4

deposition. *See John Wiley & Sons, Inc.*, 2014 U.S. Dist. LEXIS 35843, at **12-13 (awarding reasonable expenses to plaintiff due to defendant's failure to attend his deposition).

Defendant is also "entitled to be compensated for their fees in making the instant motion." *Id.* at **18-19 (awarding attorney's fees for the time spent drafting a motion for sanctions) (citing *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464, 470 (S.D.N.Y. 2003) (where plaintiff failed to attend his deposition, defendants were awarded attorney's fees for attorney's time spent responding to plaintiff's improper discovery conduct); *Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) ("[T]he court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions.")).[3]

Finally, Defendant requests an order providing a forty-five (45) day extension of the date by which Defendant may complete fact discovery.

For all of the reasons set forth above, Defendant MHG-45, L.L.C. requests a pre-motion conference pursuant to Local Rule 37.2 to make a motion for sanctions.[4]

Respectfully submitted,

*/s/ Houston A. Stokes*
Houston A. Stokes

cc: All Counsel of Record (by ECF)

---

[3] To effectuate the award requested in the instant letter motion, Defendant will submit "a listing of the fees they incurred for the specific awards issued by the Court." *Adrian*, 2012 U.S. Dist. LEXIS 4234, at *27-28.

[4] Defendant's counsel will be out of the country, and therefore unavailable for a pre-motion conference, June 13, 2017 through June 16, 2017.