# JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

June 16, 2017

Honorable Gabriel W. Gorenstein
United States Courthouse
500 Pearl St.
New York, NY 10007

    *Re:* 16-cv-6947 (PGG) (GWG)
        Santos v. MHG-45, LLC et al.

Dear Judge Gorenstein:

    This office represents Plaintiff Yinet Santos ("Santos" or "Plaintiff") in the above captioned matter. Plaintiff opposes Defendant MHG-45, L.L.C's ("MHG") pre-motion conference pursuant to Local Rule 37.2 to make a motion for sanctions.

    The basis for MHG's motion for sanctions is two fold. First, that Plaintiff (even though she met the Court's ordered deadline) did not timely respond to Defendants document requests. The second basis for MHG's motion for sanctions is that, despite serving Plaintiff with a deposition subpoena, Plaintiff did not attend her purportedly properly noticed deposition. Defendants, though, only gave Plaintiff 8 business days notice in their subpoena. Furthermore, prior to the deposition date in question, Plaintiff's counsel made it clear to Defendants' counsel that it was not realistic for Plaintiff to be deposed with such short notice. Despite being put on notice that there was an issue with Defendants' deposition subpoena, Defendants' counsel elected not to meet and confer.

    It is unfortunate that Defendants' counsel has moved for sanctions. Instead of reaching out to Plaintiff's Counsel to meet and confer with respect to Santos' deposition (which is required by the Federal Rules of Civil Procedure ("FRCP")), Defendants' counsel instead moved for sanctions. Defendants' counsel elected to move for sanctions despite the fact that Plaintiff's counsel specifically informed Defendants' counsel that his deposition notice was unrealistic due to a lack of notice and was against the FRCP rules. The inability (whether intentionally or not) by Defendants' counsel to work with Plaintiff's counsel for a more realistic deposition date would have most likely resulted in the parties and this Court not dealing with unnecessary motion practice.

    Indeed, this situation could have (and should have) been avoided with a phone call between the attorneys. If Defendants' counsel had contacted Plaintiff's counsel with respect to a *joint* discovery extension, the undersigned would have agreed and then the

parties could have coordinated with each other for a mutually agreeable deposition date. Instead, though, Defendants' counsel refused to show any flexibility.

Ultimately, Plaintiff not attending her deposition was "substantially justified" in light of the parties' genuine legal dispute regarding the extent of discovery. *See Forauer v. Vt County Store, Inc.*, 2014 U.S. Dist. LEXIS 79234 at * 24-25 (Vermont District Court, June 11, 2015) *citing Comprehensive Habilitation Servs., Inc. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y. 2006); *see also La Piel, Inc. v. Richina Leather Indus. Co.*, 201 U.S. Dist. Lexis 46328, at * 16 (E.D.N.Y. Mar. 29, 2013) (discussing that substantial justification is when "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action") (internal quotation marks omitted).

### A Party is Required to Provide Sufficient Notice in a Deposition Subpoena

By giving Plaintiff only 8 business days, Defendants failed to provide Plaintiff with sufficient notice. If the moving party fails to provide sufficient notice, then the deposition subpoena is not valid. *See Cole v. City of New York*, 2012 U.S. Dist. LEXIS 48542 at *12-13 (S.D.N.Y. April 5, 2012) (finding that only five days was not sufficient notice to submit a deposition subpoena); *see also Khaleel v. Heightened Sec. Svc, Inc.*, 2017 U.S. Dist. LEXIS 6938 at * 5 (S.D.N.Y. Jan. 18, 2017) (finding that one day's notice was not sufficient).

MHG does not cite any cases in support of their position that they provided sufficient notice in their deposition subpoena. Furthermore, the cases cited by MHG with respect to Santos' deposition subpoena are not analogous to the facts herein. In *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 2014 U.S. Dist. LEXIS 35843, at *12 (S.D.N.Y. Mar. 18, 2014) the Court found sanctions were appropriate when the defendants' counsel cancelled the second day of his deposition the night before he was scheduled to appear). Likewise, in *Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of N.Y.*, 212 F.R.D. 464 (S.D.N.Y. 2003) the plaintiff for two years "repeatedly and deliberately evaded his deposition"); *see also Branford v. Research Found of Suny*, 2009 U.S. Dist. LEXIS 55004, at * 10 (W.D.N.Y. June 26, 2009) (granting sanctions due to the fact that Plaintiff refused to submit to a deposition). Here, Plaintiff is not seeking to evade her deposition—just requesting that Defendants' counsel provide sufficient notice.

### MHG's Request for Attorney Fees as it Relates to Paper Discovery Responses Should be Denied

MHG's request to seek sanctions despite the fact that Plaintiff (by MHG's own admission) complied with the Court order reflects bad faith. Furthermore, the cases cited by Defendants' counsel in support of their application for sanctions are not analogous to the facts herein. In *Underdog Trucking, L.L.LC v. Verizon Servs. Corp.*, 273 F.R.D. 372 (S.D.N.Y. 2011), the defendants were forced to undergo an 8-month pursuit to obtain relevant documents from their adversary. In contrast, here, Defendants essentially had to

2

wait an additional six weeks from the date Plaintiff's responses were originally due. Similarly, *Adrian Shipholding Inc. v. Lawndale Group S.A.*, 2012 U.S. Dist. LEXIS 4234, *16, 18-19. (S.D.N.Y., Jan 13, 2012) is incorrectly relied upon by MHG.  In *Adrian Shipholding*, the sanctioned party failed to obey a court's order to supply a competent 30(b)(6) witness and was specifically warned by the Court that a failure to comply with their order would result in sanctions.  Here, no such warning was needed to be made by the Court as Plaintiff complied with the Court's original deadline.

Finally, MHG's belated decision to move for sanctions with respect to paper discovery reflects bad faith.  MHG made the decision to move for sanctions almost two months after their original motion for paper discovery responses (dkt 36) and nearly one month after receipt of Plaintiff's paper discovery responses.  The length of time by MHG to bring a motion for sanctions despite receipt of Plaintiff's paper discovery responses is unjustifable.

**MHG's Motion
for Sanctions Reflects Bad Faith**

The decision by MHG's counsel to move for sanctions reflects a pattern of unreasonable dealings with Plaintiff's counsel.  Despite the fact that Plaintiff's counsel provided Defendants' counsel with a last minute one-month extension to originally answer Plaintiff's amended complaint, Defendants' counsel has exhibited a lack of professionalism:

1) Refusing to consent for Plaintiff to submit a second amended complaint to simply add a Title VII cause of action even though discovery had not yet commenced (dkt 12);
2) Refusing to accept service on behalf of then Defendant Robert Indeglia even though Defendants knew they would ultimately represent him which unnecessarily caused Plaintiff to incur further litigation costs;
3) On April 11, 2017, requesting a discovery extension without meeting and conferring with Plaintiff's counsel (dkt 36);
4) On June 9, 2016, for the second time seeking a discovery extension without meeting and conferring with Plaintiff's counsel (dkt 48);
5) Refusing to work with Plaintiff's counsel to obtain a mutually agreeable deposition date and instead move for sanctions;
6) Refusing to consent to a three-day extension for Plaintiff to submit an opposition to MHG's motion for sanctions (dkt 49).

In light of the fact that the case law cited by Defendants are not analogous to the issues herein and, in light of the fact, that the law cited by Plaintiff demonstrates that sanctions in these circumstances are not warranted, the undersigned considered to cross-move for permission for sanctions.

The undersigned further considered to oppose MHG's request for a discovery extension in light of the fact that, for the second time, Defendants' counsel did not meet

and confer prior to applying for this relief with the Court. I will not, though, oppose Defendants' request even though this request was made 9 days after the discovery cutoff.

In the event that Your Honor believes that sanctions is warranted, I ask that my client be spared. I believed that Defendants subpoena did not provide sufficient notice for me to prepare Santos for her deposition. Santos should not be punished for her attorney's decision.

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully,

*/s/ Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
Mr. Houston Stokes, Esq.
*Attorney for Defendants*