Gondephe, P.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
YINET SANTOS,

        Plaintiff,

v.

MHG-45, L.L.C. d/b/a THE HOLIDAY INN
EXPRESS NEW YORK CITY FIFTH
AVENUE, and YALILA ATARIHUA and
ROBERT INDEGLIA,

        Defendants.
------------------------------------------------------------x

No. 16-CV-6947 (PGG)

### STIPULATION AND ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure by Plaintiff and Defendants, by and through their undersigned counsel in the above-captioned action, that all claims asserted by the Plaintiff against Defendant MHG-45, L.L.C. and Defendant Yalila Atarihua, except for the claims Plaintiff brings under the Fair Labor Standards Act, are voluntarily dismissed in their entirety, with prejudice, inclusive of any claims for attorneys' fees and costs. It is further stipulated and agreed that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: October 16, 2017
New York, New York

| | |
|---|---|
| LAW OFFICE OF JACOB ARONAUER | LITTLER MENDELSON, P.C. |
| _/s/_____ | _/s/_____ |
| Jacob Aronauer, Esq. | Houston A. Stokes, Esq. |
| Law Offices of Jacob Aronauer | Littler Mendelson, P.C. |
| 225 Broadway, 3rd Floor | 900 Third Ave |
| New York, New York 10007 | New York, NY 10022 |
| (P) (212) 323-6980 | (212) 583-2676 |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

SO ORDERED:

_____
Judge Paul G. Gardephe

Dated: ___Nov. 22___, 2017

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of Fair Labor Standards Act ("FLSA") and New York State Labor Law claims (the "Agreement") is made and entered into by and between YINET SANTOS, in her capacity as an individual and on behalf of her heirs, executors, administrators, attorneys, successors and assigns ("Santos" or the "Plaintiff") and Defendant MHG-45, LLC ("MHG-45") and Defendant Yalila Atarihua ("Defendant Atarihua") (collectively, the "Parties").

**WHEREAS**, on January 3, 2017, Santos filed a Second Amended Complaint with the Southern District of New York (Case No. 1:16-cv-07998-JLC) alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") arising out of alleged failure to pay overtime and retaliation (hereafter the "Second Amended Complaint");

**WHEREAS**, the Defendants deny any and all of the allegations of wrongdoing set forth in the Complaint, and assert that they have been compliant with all applicable laws, rules and regulations, including but not limited to the FLSA;

**WHEREAS**, the Parties wish to resolve any and all FLSA-related and disputes that may exist between them without incurring any additional expense or diversion of time;

**WHEREAS**, in order to avoid expense and expenditure of time, and without admitting any wrongdoing whatsoever, the Parties wish to fully and finally settle all FLSA Claims that Plaintiff may have against the Defendant MHG-45, Defendant Atarihua, Defendant MHG-45's parent companies, subsidiaries, affiliates, divisions, predecessors, successors, subrogees, assigns and/or related companies (specifically including, but not limited to, Magna Hospitality Group, LC, ZE-45 Operating LLC, ZE-45 LLC, MG-45 LLC, MG-45 Operating LLC, MHF of 45 LLC), and each and all of their current or former agents, officers, directors, employees, shareholders, members, managers, representatives, attorneys, partners, successors, predecessors, administrators, heirs, executors, assigns and/or insurers, and all persons acting by, through, under or in concert with any of them, and each of them, and Defendant Atarihua's heirs, executors, administrators, attorneys, successors and assigns (hereinafter referred to collectively as "Releasees"), including, but not limited to, the claims alleged in the Second Amended Complaint;

**NOW THEREFORE**, in consideration of the promises, mutual representations, covenants, assurances, and warranties set forth herein, the undersigned do hereby agree to be bound by the following terms and conditions:

1. **No Admission.** The Parties acknowledge that the settlement herein is entered into solely for the compromise of disputed FLSA claims, to avoid expense and to terminate all FLSA-related claims for damages or relief of whatever nature, known or unknown, in any way growing out of or connected with Santos' employment with Defendant MHG-45, asserted by Santos in her Second Amended Complaint. The negotiation, undertaking, and execution of this Agreement will not and does not constitute or operate as an acknowledgment or admission of any kind by any of the Defendants or Releasees that they have: (a) committed any unlawful practice; and/or (b) violated any statute, rule or regulation; and/or (c) incurred any liability.

2. **Release of FLSA Claims**

   A.  Santos hereby releases and forever discharges the Defendants and Releasees, and all persons acting by, through, under or in concert with any of them, from any and all FLSA-related actions, causes of action, complaints, claims, judgments and liabilities, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity (hereinafter "FLSA Claims") that she at any time had, claimed to have, or may have regarding any events that occurred at any time up until the date of the execution of this Agreement.

   B.  Except as provided in Paragraph 3 below, Plaintiff waives any right to become, and promises not to become, a member of any class in a case in which any FLSA-Claim(s) are asserted against any of the Defendants and/or Releasees involving any act or event occurring at any time up until the date of her execution of this Agreement. If any claim is brought on behalf of her against any of the Defendants and/or Releasees involving any events occurring before the date of execution of this Agreement, or if she is named as a member of any FLSA-related class in a case in which any FLSA Claim(s) are asserted against any of the Defendants and/or Releasees involving any events occurring before the date of her execution of this Agreement, she shall, upon notice of same, (i) immediately provide the Company with written notification of said claim with complete detail of it, (ii) withdraw in writing and with prejudice from said claim or class, and (iii) forward a copy of her withdrawal to the Defendants, care of Houston A. Stokes, Esq., Littler Mendelson, P.C., 900 Third Avenue, New York, New York 10022.

3. **Exceptions to the Release.**

   A.  The release contained in Paragraph 2 of this Agreement do not affect or limit any claims that, under controlling law, may not be released by this Agreement.

   B.  Nothing in this Agreement shall be construed to prohibit Santos from challenging illegal conduct and/or engaging in protected activity, including without limitation filing a charge or complaint with, and/or participating in any investigation or proceeding conducted by, the Equal Employment Opportunity Commission, National Labor Relations Board, Securities and Exchange Commission, and/or any federal, state or local agency. This includes, but is not limited to, providing documents or other information, or from testifying truthfully in the course of any administrative, legal or arbitration proceeding. Further, the Parties agree that nothing in this Agreement shall be construed to interfere with the ability of any federal, state or local agency to investigate any such charge or complaint, or her ability to communicate voluntarily with any such agency. However, by signing this Agreement, Plaintiff understands that she is waiving her right to receive individual relief based on claims arising before the execution of this Agreement and asserted in such a charge or complaint, regardless of whether she or another party has filed it, to the extent allowed by law, and agrees that the consideration she will receive as provided in this Agreement fully and completely satisfies any and all such claims arising before the execution of this Agreement, except for any right she may have to receive a payment from a government agency (and not the Company) for information provided to the government agency. Additionally, Santos understands that nothing in this Agreement prevents her from exercising any rights she may have under Section 7 of the National Labor Relations Act to engage in concerted activity.

2

4. **No Future Claims.** Plaintiff acknowledges and understands that, except to the extent covered by Paragraph 3(B), by executing this Agreement, she cannot in the future file any FLSA-related claim, grievance or demand for arbitration or bring any FLSA-related action, lawsuit, charge or proceeding with any federal, state or local court or agency against the Defendants and/or Releasees, regarding any matter arising on or before the date of their execution of this Agreement.

5. **Consideration.** In exchange for the releases and promises contained in this Agreement, and in full settlement of all actual and potential FLSA Claims, Defendants agree to pay Plaintiff the total gross sum of One Thousand Five Hundred and Eighty-Four Dollars ($1,584) within fourteen (14) days of the Court approving the FLSA settlement and dismissing all of Plaintiff's FLSA Claims with prejudice. The total gross sum is to be split into three checks as follows:

    A. One check payable to "Yinet Santos" in the amount of Five Hundred Twenty-Eight Dollars ($528), for alleged lost wages and subject to W-2 reporting;

    B. One check payable to "Yinet Santos" in the amount of Five Hundred Twenty-Eight Dollars ($528), for alleged liquidated damages, subject to 1099 reporting; and

    C. One check payable to "The Law Office of Jacob Aronauer" in the amount of Five Hundred Twenty-Eight Dollars ($528), for attorneys' fees and costs, subject to 1099 reporting.

6. **Taxes.** Plaintiff expressly acknowledges and agrees that she is responsible for the payment of all federal, state and local taxes, if any, that are required by law to be paid with respect to the above 1099 payments, and agree that she will make such payments in accordance with all applicable laws. Plaintiff further agrees to hold the Defendants and/or Releasees harmless from any claims, demands, liens, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against the Defendants and/or Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal, state or local tax laws, as well as from any costs, expenses or damages sustained by the Defendants and/or Releasees in connection with the foregoing, including any amounts paid by the Releasees as taxes, reasonable attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, in addition to any costs, disbursements and/or attorneys' fees reasonably sustained in the course of enforcing the terms of this provision.

7. **Full Payment.** Plaintiff agrees and affirms that the consideration described in Paragraph 5 shall constitute the entire amount of money allegedly owed to Plaintiff under the FLSA, and Plaintiff will not seek any further compensation for any other claimed damages, costs, disbursements or attorneys' fees in connection with her FLSA Claims.

8. **Acknowledgment of Dismissal of All Complaints.** Upon full execution of this Agreement, Plaintiff agrees to seek approval of this settlement and dismissal of her FLSA Claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

3

9.  **Affirmations.** The Parties hereby represent that they understand the meaning and effect of this Agreement, that they are of sound mind to enter the Agreement, that the Agreement is legally binding, and by signing it, they understand that they are giving up certain rights. The Parties further represent that they have been given sufficient opportunity to reflect upon their decision to enter into this Agreement, that they have been fairly represented by their chosen counsel, and that they have voluntarily and freely entered into this Agreement. They agree that no promise or representation of any kind or character has been made to induce this Agreement, and they have not been forced or pressured in any way to sign this Agreement. Finally, the Parties agree that other than what is provided for in this Agreement, they have received all compensation due and, except as specifically provided in this Agreement, none of the Parties owe them any compensation, benefit, payment or remuneration of any kind or nature.

IN WITNESS WHEREOF, the Parties have hereunto set their hands.

By: _____  Date: 9/29/17
Yinet Santos

By: _____  Date: 9/28/17
John Bariscillo, on behalf of
Defendant MHG-45, LLC

By: _____  Date: 09-28-17
Defendant Yalila Atarihua

**MEMO ENDORSED**

This Settlement Agreement is approved by the Court.

**SO ORDERED:**

_____
Paul G. Gardephe, U.S.D.J.

Nov. 22, 2017

4